OPINION
Plaintiff United Hydraulics appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which awarded it $40,294.40 as damages for defendant Strong Industries, Inc., breach of contract between the parties, after off-setting the amount due plaintiff for the value of certain defective parts plaintiff provided under the contract. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT'S DECISION WAS CONTRARY TO LAW AND THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellee filed a notice of cross-appeal, but did not assign error to the court or brief any cross-appeal issues.
After a trial to the court, the court found appellant and appellee entered into a contract for specially manufactured hydraulic cylinders. Appellee ordered the special cylinders from appellant, and received delivery of 259 cylinders. Some of the cylinders were defective because of a change in the design. The court found appellant changed the design, resulting in a problem with the parts. The court found because the cylinders were a special order, and because appellant contracted to provide the special order, the defect should have been detected when the cylinders were tested. However, appellee actually sold some of the cylinders to its customers. Some customers returned the cylinders as defective, and some are still in use. Appellee was able to identify 38 of the 259 cylinders as defective. Appellee paid appellant for 158 of the cylinders, but stopped further payment when it discovered the defects. Appellant brought suit seeking payment of the remaining 101 cylinders, and appellee cross-claimed for damages for the problem caused by the defective cylinders.
The court found appellee breached the contract between the parties by failing to make the payment. The court found pursuant to R.C. 1302.83, when the buyer fails to pay the price when it become due, the seller may recover the price of goods accepted within a commercially reasonable time after the risk of loss has passed to buyer. The court found appellant was entitled to an award of damages for appellee's breach, but the award must be offset for the defective cylinders. Appellant argues the court's decision was against the manifest weight of the evidence and contrary to law, because appellee provided insufficient proof of the alleged defect in the cylinders. The parties agree an appellate court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence to support the court's findings of fact and conclusions of law, Myers v. Garson (1993), 66 Ohio St.3d 610, 615-616, citingSeasons Coal Company v. Cleveland (1984), 10 Ohio St.3d 77.
The parties agree there was a contract between them, and they agree appellee ordered, and received 259, hydraulic cylinders. Appellant asserts the record demonstrates it acted responsibly in offering to test and repair all the cylinders. Appellant urges any defects were attributable to mistakes made by appellee, and appellant was always willing to fully perform its contract.
We have reviewed the record, and we find, the parties extensively litigated the dealings between them, and there is sufficient competent and credible evidence in the record which supports the trial court's findings of fact and conclusions of law. This court may not substitute our judgment for that of the finder of fact, which had the opportunity to review the witnesses and documents first hand in determining the facts of the case.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.